Jones, J.
It is argued that the decree incorporating the restrictions is void, and that its invalidity inures to the purchasers of lots thereunder. Since the mortgagor and mortgagee, the parties directly interested, agreed to the court’s decree, and all other parties were either in default or consented thereto, it is difficult to see how a purchaser thereunder could avail himself of such invalidity, if any existed. The court had before it all the parties interested, jurisdiction of the subject-matter of the suit, and, if all parties consented and a sale with such restrictions was beneficial to them, I am unable to perceive why the court could not impose valid restrictions upon the lots ordered to be sold. Upon that feature I only express my own opinion. Decision of the point raised is not necessary for the determination of this case, since the record discloses a clear case of estoppel against those who purchased lots under the decree. The decree was consented to by the parties interested in the unsold allotment. Sampliner, the predecessor in title, agreed to the decree imposing the restrictions upon the unsold lots by his acceptance of the sheriff’s deed which incorporated it, others purchasing- lots were likewise affected, and they, under the findings of the court, improved their lots upon the faith of the restriction scheme adopted in the decree. The sheriff’s deed was accepted by all, including Samp *71 liner, with the limitations therein contained. Sampliner’s grantee, the Baptist Association, plaintiff in error here, not only stands in his privity of estate, bnt actually accepted the deed from him with the same restriction included therein. It also protected itself by a covenant in the deed that if the erection of a church edifice should be enjoined the grantor should restore to it the purchase price at the option of the grantee. Clearly the facts disclosed create an estoppel binding Sampliner and his successor in title.
It is however contended that even if it be conceded that the decree is not void, and that such purchasers as are covered thereby are estopped, the restrictions imposed do not prohibit the construction of a church edifice. The common pleas court took that view, but the court of appeals held otherwise and enjoined the construction. The restriction relied on is as follows: “Until January 1,1934, said premises shall not be used for apartment or boarding house purposes, but shall be used for private residences only, including necessary out-buildings, garage and bam.”
We fully agree with the principles announced in the restriction cases Hunt v. Held, 90 Ohio St., 280, and Hitz v. Flower, 104 Ohio St., 47, that restrictions in deeds must be construed in favor of the free use of the real estate, and that if doubtftil meaning attaches thereto the doubt must be resolved against the restriction. But no such doubts can arise as to the import of the words used here. It is true that “apartment or boarding houses” are specifically prohibited. But the restriction goes farther — it also expressly provides that the premises sold ‘ ‘ shall be used for private residences only,” including out *72 buildings, garage and barn. This language is clear and not doubtful in meaning. It specifically confines tbe use of tbe premises to private residences only, whicb necessarily excludes other structures, such as factories, business houses or churches, either of which might be erected if our view be unsound. Any other construction would require this court to write into the restriction a restrictive covenant varying its express terms. A question similar to this arose in St. Andrew’s Luther cm Church’s Appeal, 67 Pa. St., 512, decided by Justice Sharswood of the supreme court of Pennsylvania. There the restriction provided that none of the lots should “be used for purposes other than a dwelling-house, office, privy, coach-house or stable.” It was held that “the erection of a church on one of the lots is prohibited by the covenant.” Berry on Restrictions on Use of Real Property, page 161.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Robinson, Matthias, Day and Allen, JJ., concur.